**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

RAYMUREZ CHRISTOPHER BROWN,

    Plaintiff,

v.                                                                              Case No. 20-10192

JOSHUA SCAGLIONE, et al.,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

This case primarily involves a Section 1983 excessive force action against arresting Defendant Westland police officers. Plaintiff Raymurez Brown was tased by one of the Defendant officers as he held his two-month-old child. Plaintiff has filed a motion to compel, seeking additional discovery. (ECF No. 74.) Specifically, Plaintiff seeks an order both compelling Defendant Scaglione to sit for his deposition and "compel[ling] the production of . . . personnel addresses" of three now-retired Westland Police officers "who conducted the internal investigation. . . [regarding Plaintiff's arrest] which resulted in Defendant Scaglione's 30 day suspension." (*Id.*, PageID.1921-22.) Defendants have filed responses in opposition. (ECF Nos. 76, 77.) Defendants' briefings argue that the testimony of the three retired officers is not relevant and would be "at best cumulative and duplicative" because the officers were not witnesses to the arrest at issue. (ECF No. 76, PageID.2018.) Defendants also argue that "[s]ince Plaintiff has the entire, unredacted, internal investigative report [regarding the arrest at issue

here] and [Westland's] complete Response to Resistance (use of force)," Plaintiff "already has the best evidence as to any policy violations by [Defendant] officers." (*Id.*, PageID.2028.)

On March 31, 2022, the court held a telephonic conference with counsel to determine the ongoing status of discovery disputes. During the conference, all parties were given the opportunity to make a brief presentation regarding discovery and their positions on the pending motion to compel. First, the parties collectively indicated that Defendant Scaglione had recently sat for his deposition, so this part of Plaintiff's motion to compel was now moot. Plaintiff, however, indicated that Plaintiff continues to seek production of the home addresses of the three now-retired Westland police officers so it could attempt to subpoena and depose them—despite already possessing the investigative report they prepared.[1] When the court inquired what testimony Plaintiff hoped that the retired officers could provide, Plaintiff's suggested that the retired officers could provide testimony for the factfinder regarding when a reasonable officer would utilize his taser, demonstrating that Defendants' actions were not objectively reasonable.

The court finds that Plaintiff's request to produce the now-retired officers' home addresses would be disproportional to the needs of the case. *See* Fed. R. Civ. Pro.

---

[1]  During the status conference, the parities indicated they intended to again meet and confer to ensure that Plaintiff had in fact been provided a *complete copy* of the investigative report subject only to limited redactions for sensitive personal information. Absent further notification by the parities, the court assumes that such production has been completed.

2

26(b)(1). The investigative report already produced to Plaintiff indisputably provides the facts and reasons behind the police department's decision to suspend Defendant Scaglione, so the extent of the requested discovery is disproportionate to its marginal value.[2] Further, to the extent that Plaintiff wants to use the retired officers at trial to testify to the objective reasonableness of Defendants actions, the court finds that such testimony would be inappropriate testimony regarding the ultimate issue in dispute. *See Berry v. City of Detroit,* 25 F.3d 1342, 1353 (6th Cir. 1994) (finding that an expert may not "opine on the ultimate question of liability" by "testify[ing]. . . that the lax discipline policies of the Detroit Police Department indicated that the City was deliberately indifferent to the welfare of its citizens"). Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 74) is DENIED. Plaintiff's motion is denied to the extent it seeks to require Defendants to produce addresses for three retired Westland police officers who are not parties to the present case. The portion of this motion seeking to compel the testimony of Defendant Scaglione this motion is denied as moot.

IT IS FURTHER ORDERED that neither party shall be awarded costs.

s/Robert H. Cleland /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 21, 2022

---

[2] The also court notes that it has not yet determined the admissibility of the internal investigative report.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 21, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner                              /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\20-10192.BROWN.DenyingMotionToCompel.AAB.docx